# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| **LARRY G. MADDOX,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 3:18-CV-00483** |
| | ) | **REEVES/POPLIN** |
| **NEAL PINKSTON, TONY C.** | ) | |
| **PARKER, KEVIN HAMPTON, ALVIN** | ) | |
| **CHAPMAN, RHONDA ROGERS,** | ) | |
| **DOUGLAS MYERS, and MARK** | ) | |
| **FRAZIER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. For the reasons set forth below, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

### I.      SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

## II.      ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges in relevant part that in October of 2004, a prosecuting district attorney told a judge that Plaintiff had violated the terms and conditions of a 1997 suspended sentence and that the judge therefore revoked that suspended sentence [Doc. 2 p. 4]. Plaintiff made attempts to resolve this issue while he was in federal custody, but was told that he was not allowed to do so [*Id.*]. After he completed his federal sentence, Plaintiff was transferred to the custody of the Tennessee Department of Correction to serve this formerly suspended sentence "in a slave status" without being "'duly convicted' by due process" [*Id.*]. Plaintiff alleges that jail officials have told him that he is "under a revocation" but that there is no proof of a revocation of a suspended sentence, and that he was given three years of parole, but this is incorrect, and he has continuously spoken to Defendant Rogers, his case manager, about the fact that this is not right, but she has refused to make the correct inquiry [*Id.* at 5].

2

Plaintiff has filed this case because he has now gotten a notice, a hearing, and a final revocation, but these were not afforded him in the beginning [*Id.*]. Plaintiff states that the prosecuting attorney defrauded the court and that all Defendants were and/or are aware that Plaintiff is being held to a judgment fraudulently [*Id.* at 6]. As relief, Plaintiff seeks to stop all actions stemming from the fraud, release, expungement of charges, to stop all actions causing him continuous injury, including parole revocation, and that all individuals responsible be reprimanded and held responsible [*Id.* at 7].

## III.    LEGAL ANALYSIS

As Plaintiff seeks relief based on claims that would imply the validity of his underlying conviction and/or sentence, but does not allege or set forth any facts allowing the Court to plausibly infer that this conviction or sentence has been reversed, expunged, or otherwise declared invalid, the complaint must be dismissed. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that an action for damages for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a state conviction or sentence invalid" cannot be maintained unless the prisoner can show that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. In other words, "§ 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement" are not considered "appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id*. at 486.

The *Heck* rule extends to claims for injunctive relief where a favorable judgment would necessarily imply the invalidity of a prisoner's sentence. *See Wilkinson v. Dotson*, 544 U.S. 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no

matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). As such, any such claim must be asserted under 28 U.S.C. § 2254. *See id*. at 78 (noting that "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement but instead must seek federal habeas corpus relief).

Accordingly, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 and it must be dismissed.

## IV. CONCLUSION

For the reasons set forth above, this action will be **DISMISSED**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

4